IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHAMROCK MATERIALS, LLC** | : | **CIVIL ACTION** |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| **ALLIANCE COMPANIES, LLC, et al,** | : | |
| Defendants | : | **NO. 05-5736** |

**MEMORANDUM AND ORDER**

PRATTER, DISTRICT JUDGE                                                                                       JULY 7, 2006

Shamrock Materials, LLC filed suit against Alliance Companies S.A., LLC ("Alliance"), Environmental Alliance Group ("EAG"), Strategic Alliance Group ("SAG"), William LaVan Sr., William LaVan, Jr., and Mark Alsentzer, (the "Defendants") alleging that the Defendants have not paid Shamrock for its services, which involved hauling, dumping, and other transportation related services to various locations, including in Pennsylvania. Alliance, SAG and Mr. Alsentzer filed a Motion to Dismiss for Improper Venue, in which the other Defendants subsequently joined.[1] For the following reasons, the Court finds that venue is improper in the Eastern District of Pennsylvania and will transfer the case to the District of New Jersey.

---

[1] Defendants Alliance, SAG, and Mr. Alsentzer also filed a Third Party Complaint against James Sanford, Sr., James Sanford, Jr. and Shawn Michaels Company, Inc., alleging a claim for indemnity and/or contribution, which Plaintiff Shamrock has moved to dismiss. Defendants Alliance, SAG, and Mr. Alsentzer oppose dismissal of the Third Party Complaint. The Court heard oral argument on both motions to dismiss on June 14, 2006. That same day, Defendants EAG, and Messrs. LaVan filed a Motion for Leave to File a Third Party Complaint against James Sanford, Sr., James Sanford, Jr. and Shawn Michaels Company, Inc. The putative Third Party Plaintiffs and Shamrock all oppose the Motion for Leave to File a Third Party Complaint. Because the Court finds that venue is improper in the Eastern District of Pennsylvania and will, in an exercise of discretion, transfer the case to the District of New Jersey, the Court will not address the merits of the pending Motion to Dismiss the Third Party Complaint and the Motion for Leave to File a Third Party Complaint.

**I.     BACKGROUND**

Shamrock alleges that the Defendants have failed to pay some $642,434.84 for hauling and dumping services provided by Shamrock to the Defendants between September 24, 2004 and January 12, 2005.  Specifically, in Count I of the Complaint, against SAG, EAG, and Alliance, Shamrock alleges that it entered into agreements with SAG, EAG and Alliance to haul dirt and rock from the corporate Defendants' work sites in New Jersey and New York to a quarry in Pennsylvania, which services Shamrock did perform and for which the corporate Defendants failed to pay.  In Count II of the Complaint against Messrs. LaVan and Alsentzer, Shamrock asserts that the individual defendants, acting in their individual capacities, personally requested Shamrock to provide the transportation and hauling services for which Shamrock was not paid.  Finally, in Count III of the Complaint, against the three individual defendants, Shamrock alleges that they were unjustly enriched.

Defendants have filed their Motion to Dismiss the Complaint for Improper Venue pursuant to 28 U.S.C. § 1406, alleging that venue is improper in the Eastern District of Pennsylvania because a substantial part of the events giving rise to Shamrock's claims occurred outside of this District.  Shamrock opposes the Motion, contending that a substantial part of the events did take place in the Eastern District of Pennsylvania and, thus, venue here is proper.

**II.    DISCUSSION**

Shamrock is incorporated and has its principal place of business in New York. Defendants Alliance, EAG, and SAG are all incorporated and have their principal places of business in New Jersey.  Defendants Messrs. LaVan, Sr. and LaVan, Jr. are citizens of New Jersey.  Mr. Alsentzer is a citizen of Pennsylvania.  Thus, because the parties are diverse and the

amount in controversy exceeds the jurisdictional limits, the Court has diversity jurisdiction over this matter.  28 U.S.C. § 1332(a)(1).

Pursuant to 28 U.S.C. § 1391(a), where subject matter jurisdiction is founded solely on diversity of the parties, venue is appropriate only in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State,
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or
>
> (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).[2]  Under Section 1391(a)(2), proper venue may lie in more than one federal district in a given case.  BABN Technologies Corp. v. Bruno, 25 F. Supp. 2d 593, 597 (E.D. Pa. 1998).  Moreover, a venue may be appropriate even when it is not the "best venue."  Cottman Transmission Systems, Inc. v. Martino, 36 F.3d 291, at 294 (3d Cir. 1994).  The burden of proving improper venue rests with the movant, here the Defendants.  Myers v. Am. Dental Ass'n, 695 F.2d 716, 724-25 (3d Cir. 1982).

Questions of venue are governed by either 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406.  Jumara v. State Farm Ins. Co., 55 F.3d 873, 878 (3d Cir. 1995).  If venue in the original federal district is improper, the district court may dismiss the case, or, in the interest of justice, transfer the case to a district where venue would be proper.  28 U.S.C. § 1406.  If venue in both the

---

[2] The parties assert, and the Court agrees, that the operative provision in this case is 28 U.S.C. § 1391(a)(2).  Section 1391(a)(1) is inapplicable because, as stated above, the Defendants are not all residents of the same state.  Section 1391(a)(3) is also inapplicable because, as set forth below, the Court finds that venue is properly laid in the District of New Jersey.

original and requested district are proper, however, the district court may "for the convenience of parties and witnesses, in the interest of justice" transfer the action to a district where venue would be proper. 28 U.S.C. § 1404(a).

Defendants argue that Shamrock's Complaint should be dismissed pursuant to Section 1406 because "a substantial part of the events or omissions giving rise to the claim" did not occur in Pennsylvania. That is, Defendants argue that because the claims in the Complaint are for unjust enrichment and breach of contract for alleged failures to pay for services rendered, the proper district would be one where the contract was formed or where the alleged breach occurred. Defendants assert that the alleged statements on which the Plaintiffs relied as an oral contract "appear to have been spoken in New Jersey," and the event giving rise to the claim (i.e., the Defendants alleged refusal to pay) took place in New Jersey.

In contrast, Shamrock argues that venue is properly laid here in the Eastern District because the hauling, transportation and dumping services which were provided to the Defendants culminated in Pennsylvania. Defendants, however, contend that the fact that Shamrock hauled some of the materials to the Eastern District of Pennsylvania is irrelevant to the venue analysis.

Section 1391(a)(2), which provides that venue is proper in a judicial district where a "substantial part of the events or omissions giving rise to the claim occurred," requires the Court to look to the nature of the dispute. Cottman, 36 F.3d 291, 295. Here, Shamrock is alleging that the Defendants failed to pay for services in violation of an agreement between the parties and that the individual Defendants were unjustly enriched as a result of Plaintiff's performance of those services.

The core of Shamrock's claims for breach of contract and for unjust enrichment are the

4

Defendants' failure(s) to pay for the hauling services that Shamrock rendered to them. Thus, the "event or omission" that Shamrock complains of, for purposes of venue, is the failure of Defendants to remit payment. The Third Circuit Court of Appeals has held that the "omission" of a failure to remit payments, for purposes of determining venue, occurs at the situs of the payor, not the payee. Cottman, 36 F.3d at 295 (omission of failure to remit payment occurred where payor is located, even though result of omission (i.e., non-receipt of payment) occurred in Pennsylvania, omissions bringing about result occurred in Michigan); Pegasus Dev. Corp. v. Hane, No. 05-6418, 2006 U.S. Dist. LEXIS 9684, at *4 (Mar. 10, 2006) (citing Cottman, "Where the alleged omission is a failure to make payments, the omission occurs in the forum where the payor, not the payee, is located.").

Here, the "payors" are the Defendants. The three corporate defendants, Alliance, EAG, and SAG are all located in New Jersey. Two of the individual defendants, Messrs. LaVan, Sr. and LaVan, Jr. are citizens of New Jersey, and Mr. Alsentzer is the sole citizen of Pennsylvania. Moreover, it is undisputed that the agreements which are the subject of the dispute were negotiated from the Defendants' offices in New Jersey and the Plaintiff's headquarters in New York. Thus, based on the above, the Court finds that a substantial part of the events and omissions giving rise to Shamrock's claims did not occur in the Commonwealth of Pennsylvania, but rather took place in New Jersey.

As noted above, Shamrock argues that venue is proper here because it performed a substantial amount of its services here in Pennsylvania. Although there is some support for the argument that the situs of performance can dictate proper venue in a breach of contact action, this case is easily distinguishable by focusing upon the nature of the breach at issue. See e.g., Waste

Mgmt. of Pa., Inc. v. Pollution Control Fin. Auth. of Camden County, No. 96-1683, 1997 U.S. Dist. LEXIS 518, at *2 (E.D. Pa. Jan. 22, 1997) ("In breach of contract actions, venue ordinarily will lie where the contract was to be performed;" finding venue in Eastern District Proper where landfills utilized in, and payments sent to, Pennsylvania; cessation of such performance was subject of action); Harrison v. L.P. Rock Corp., No. 99-5886, 2000 U.S. Dist. LEXIS 247, at *10 (E.D. Pa. Jan. 6, 2000) (same; venue improper in Eastern District where execution took place in Pennsylvania, but performance (including payment) was to take place in New Jersey). Here, the "substantial part of the events or omissions" giving rise to Shamrock's claims occurred outside of Pennsylvania inasmuch as the agreements were negotiated in New Jersey and New York, the performance in question occurred in New Jersey and at least once in New York when Shamrock picked up the dirt and rock and hauled it away from the construction sites, and, most importantly, the corporate defendants, as well as two of the three individual defendants, failed to remit payments in New Jersey to a company, i.e., Shamrock, located in New York. Thus, because a substantial part of the events and omissions took place outside of the Eastern District of Pennsylvania, venue here is improper.

As noted above, however, Section 1406 provides that when a case is filed in an improper venue the district court shall dismiss the case "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Based on the above discussion of the background of this dispute, a substantial part of the events and omissions giving rise to Shamrock's claims took place in New Jersey and, thus, the Court finds that this action could have properly been brought in that district pursuant to 28 U.S.C. § 1391(a)(2). The Defendants have not provided the Court with a reason – and the record does not

6

reveal any – to dismiss Shamrock's Complaint, which would compel Shamrock to re-file in another district. Accordingly, in the interest of justice, the Court will transfer Shamrock's action to the District of New Jersey.

## III.   CONCLUSION

For the foregoing reasons, the Court finds that venue is improper in the Eastern District of Pennsylvania. The Court further finds that, in the interest of justice, this case will be transferred to the District of New Jersey where a substantial part of the events and omissions giving rise to Plaintiff Shamrock's claims occurred. Thus, Defendants' Motion to Dismiss for Improper Venue will be granted in part and denied in part as delineated above.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHAMROCK MATERIALS, LLC** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **ALLIANCE COMPANIES, LLC, et al,** | : | |
| **Defendants** | : | **NO. 05-5736** |

## ORDER

AND NOW, this 7th day of July, 2006, upon consideration of Defendants Alliance Companies S.A., LLC ("Alliance"), Strategic Alliance Group ("SAG"), and Mark Alsentzer's Motion to Dismiss for Improper Venue (Docket No. 10) and Defendants Environmental Alliance Group ("EAG"), William LaVan Sr., William LaVan, Jr.'s Cross Motion to Dismiss for Improper Venue (Docket No. 12), and Plaintiffs' Response thereto (Docket No. 15), it is hereby ORDERED that the Motion to Dismiss for Improper Venue is GRANTED IN PART AND DENIED IN PART.

IT IS FURTHER ORDERED that the Clerk of Court is directed to TRANSFER this action to the United States District Court for the District of New Jersey and mark the action here as closed.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE